Amy L. B. Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS ELSNER-YOUNG,<br><br>  Plaintiff,<br><br>  v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>  Defendant. | Case No.: '18CV2268 CAB NLS<br><br>COMPLAINT FOR DAMAGES<br>1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;<br>2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.;<br>3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

TRAVIS ELSNER-YOUNG ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("RFDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of California, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in San Diego, California 92101.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 10550 Deerwood Park Blvd, St. 309, Jacksonville, Florida 32256.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c), and contacted Plaintiff in an attempt to collect a debt.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Debt collection is the principal purpose of Defendant's business.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Beginning in or around early November 2017 and continuing thereafter through December 2017, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in their attempts to collect an alleged AT&T debt that had been incurred primarily for personal, family, or household purposes.

14. Defendant contacted Plaintiff on his cellular telephone using an automated telephone dialing system and/or pre-recorded voice or message.

15. Plaintiff knew that Defendant's calls were automated as he was routinely greeted by a pause or delay before calls were routed to a live collector.

16. Defendant's calls were not made for "emergency purposes."

17. Shortly after the commencement of Defendant's collection calls in or about early November 2017, Plaintiff spoke to Defendant and insisted that Defendant refrain from calling him on his cellular telephone number.

18. Defendant heard and acknowledged this demand to stop calling.

19. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

20. Despite Plaintiff's clear and unequivocal demand to stop calling, Defendant failed to restrict its calls to Plaintiff's cellular telephone number and instead continued to call Plaintiff.

21. These additional collection calls were upsetting, vexatious and disturbing to Plaintiff throughout this time period.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

22. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

23. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated §§1692d and d(5) when it placed repeated harassing telephone calls to Plaintiff between November and December 2017, and continued calling after being told to stop calling with knowledge that its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

27. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant's calls to Plaintiff were not made for "emergency purposes."

29. Defendant's calls to Plaintiff after they were told to stop calling in or around early November 2017, were made despite Defendant being put on notice that it did not have consent to call.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT III
## DEFENDANT VIOLATED THE RFDCPA

33. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

34. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, TRAVIS ELSNER-YOUNG, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

e. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

f. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

g. Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. §227(b)(3);

h. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

i. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TRAVIS ELSNER-YOUNG, demands a jury trial in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

RESPECTFULLY SUBMITTED,
KIMMEL & SILVERMAN, P.C.

Date: 9/28/18

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com